9652

NATIONAL BANK OF SAVANNAH v. SOUTHERN RY.—CAROLINA DIVISION.

(91 S. E. 972.)

1. ACTION—MISDESCRIPTION OF BILL OF LADING—NATURE OF ACTION.—An action against a carrier for negligently issuing a bill of lading misdescribing the property is based upon tort, and not contract.

2. TORTS—JOINT LIABILITY—CARRIER AND SHIPPER.—A railroad company and shipper co-operating in issuing bills of lading falsely describing property shipped are joint tort-feasors.

3. JUDGMENT — PAYMENT — EFFECT ON ACTION AGAINST JOINT TORT-FEASORS.—Although judgment may be recovered against either or both joint tort-feasors, collecting the entire judgment against one tort-feasor bars further proceedings against the other.

Before HON. W. A. HOLMAN, special Judge, Camden, July, 1914.   Affirmed.

Action by the National Bank of Savannah against the Southern Railway—Carolina Division.   Judgment for defendant, and plaintiff appeals.

*Messrs. Garrard & Gazan* and *McCullough, Martin & Blythe,* for appellant, cite: *As to plea in bar: Action on contract rather than tort:* 85 S. C. 537; 89 S. C. 415; 13 Cyc. 85, 86; 13 S. C. 88; 3 McC. 499, 500; 10 Rich. 382; 202

Fed. 90. *Only one satisfaction allowed:* 23 Cyc. 1214; 9
Cyc. 654; 1 N. & McC. 318; 2 Bailey 404; 2 McM. 184;
67 S. C. 499; 58 L. R. A. 301-308; 38 Me. 566; 6 R. I. 45;
50 Wis. 138; 36 Am. Rep. 830; 6 N. W. 518; 64 Mo. App.
368; 60 Wis. 248; 18 N. W. 927; 41 Vt. 110; 11 Paige 20;
64 L. R. A. 579; 3 Wall. 17; 92 Am. St. Rep. 876. *Stipu-
lation as to time for presentment of claim:* 1 Hutch. Car-
riers, secs. 464, 445; 183 U. S. 621; 95 U. S. 673; 167
U. S. 149, 159; 180 U. S. 49; 63 L. R. A. 827; 35 Minn.
344; 127 Mo. App. 80; 31 L. R. A. (N. S.) 1179; 113
N. Y. 676; 4 S. C. 135; 33 Ind. App. 564; 71 N. E. 685;
17 L. R. A. (N. S.) 628; 114 App. Div. (N. Y.) 747; 80
Mo. App. 164; 85 S. W. 118; 14 Am. St. Rep. 387.

*Messrs. Frank G. Tompkins* and *B. L. ʹAbney,* for
respondent, cite: *Former action:* 202 Fed. 90; 209 Fed.
8ʔ5. *As to joint tort feasors:* 67 S. C. 514; 29 Cyc. 487;
23 Cyc. 1214; 136 Ky. 446; 124 S. W. 398; 1 Cooley Torts,
secs. 105 and 159, pp. 232, 233; 2 McMul. 184; 1 N. & McC.
318; 2 Bailey 411; 57 Am. Rep. 55; 82 S. C. 522, 524; 7
Fed. 401; 89 S. C. 408; 84 S. C. 190; 22 Cyc. 1178.

*Messrs. McCullough, Martin & Blythe,* for respondent, in
reply, cite: 58 L. R. A. 5.

March 22, 1917.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action of plaintiff against the defendant for
$13,094.04, and interest at 7 per cent. per annum from
January 6, 1911. The defendant answered denying the
material allegations of the complaint. At that time there
was pending in the United States Court for the District of
South Carolina an action by the same plaintiff against the

Kershaw Oil Mill and Lancaster Oil Company, which action was based on the same facts set out in the complaint herein. 202 Fed. 90, 209 Fed. 835, 232 U. S. 725.    This case in the United States Court after protracted litigation resulted in the plaintiff's finally obtaining judgment on January 29, 1913, for the sum of $11,416.58, which was paid on April 3, 1914, at that time amounting to $12,353.37.

The defendant after this judgment was paid filed a supplemental answer to the complaint in this case and alleged and sets up as a bar to this action the proceedings in the Federal Court, alleges payment of the judgment, and pleads the recovery and satisfaction of this as a bar to this action, and sets up as another defense that the claim is barred because of the fact that it was not filed within four months prescribed by the bills of lading.    The defendant demurred to these two defenses, and the cause was heard by Special Judge W. A. Holman, at the Summer term of Court, 1914, for Kershaw county, who sustained the demurrer relative to the time of filing the claim and overruled the demurrer as to the plea of the defendant that the payment of the judgment obtained in the Federal Court was a bar to the action.

From this order both plaintiff and defendant appeal, and the questions raised by the exceptions present two questions for the determination of this Court.    The first is:

"Under the facts of this case is the judgment and satisfaction thereof in the case of plaintiff against the Kershaw Oil Mills in the Federal Court a complete bar to this cause of action?"

We will consider this question.    No one is entitled but for one full compensation for a violation of his rights.

The plaintiff insists that his action against the oil mill was an action in tort, and against the defendant is an action in contract.    We think under the facts in the case that this is a fine-drawn distinction.    The erroneous statement placed in the bills of lading by the oil mill companies and the defendant railroad constituted a tort.    It was

by reason of this erroneous statement alone that the bank was induced to pay out money for the bills of lading and lost its money. The preliminary question to be determined is whether this action is for breach of contract or a tort. The action is for an alleged violation of duty on the part of the defendant in negligently issuing a bill of lading purporting to be cotton when it was "linters." The alleged violation of duty on the part of the defendant was a tort. The action is for a tort. The plaintiff was injured by the defendant's negligence in issuing a bill of lading containing erroneous statement by reason of which plaintiff suffered damage. Chief Justice Gary, in *Pickens* v. *Railroad Co.,* 54 S. C. 502, 32 S. E. 567, laid down the law that:

"An action by a passenger against a railroad company for failure to carry her to her destination by reason of its negligence is an action in tort, and not one in contract."

The complaints by the plaintiff in the two cases are identical. It is conclusively shown that both actions grew out of the same state of facts under the allegations of the complaint. The Kershaw Oil Mills Company and the railroad company acted together and caused to be issued the alleged fraudulent bills of lading in question. The allegations of the complaint make the oil mills and the railroad joint tort-feasors. It alleges and shows that the railroad company at the request of the oil mills assisted the oil mills in carrying out its purpose as to the issuance of erroneous and misleading bills of lading. The wrong act of one was the wrong act of both; they acted together in concert, and by mutual assistance aided each other in issuing the erroneous bills of lading. The oil mill requested it. The railroad acceded to this request, and issued the bills of lading as asked for. The wrong done to the plaintiff was the joint act of the defendant and the oil mill. Both were joint tort-feasors.

The plaintiff had the right to sue them separately and to recover judgment against each. If the plaintiff had prose-

cuted both actions to judgment, it could have done so, and then elected which judgment it would collect, but it could have only one satisfaction. The plaintiff could have a judgment against either of the defendants or both, as they were joint tort-feasors, but it could have but one satisfaction for the wrong done. But when the plaintiff obtained its judgment against the oil mill and accepted satisfaction of it, as was done in this case, then under the law the defendant was released from all liability to the plaintiff. There was but a single tort, and by the acceptance of the amount paid on the judgment obtained in the Federal Court and satisfying the same the plaintiff was compensated for all damages it sustained by reason of the wrongful issuance of the bills of lading in the action.

It is unnecessary for us to consider the exceptions made by the defendant.

The plaintiff's exceptions are overruled.

Judgment affirmed.

MESSRS. JUSTICES FRASER and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY and MR. JUSTICE HYDRICK concur in the result.