ANNIE S. G. BOYDEN *vs.* GEORGE E. BOYDEN.

NOVEMBER 1, 1929.

PRESENT: Stearns, C. J., Rathbun, Barrows, and Murdock, JJ.

327

BARROWS, J. Petitioner was granted a divorce from respondent. Custody of a two year old child was awarded to her. The question of alimony was left for later consideration. At a subsequent hearing on a prayer for alimony testimony was taken and it appeared that respondent, aged twenty-five, and petitioner had been married about four years and had lived at the rate of more than $200 per week and that respondent's relatives had paid the bills voluntarily; respondent himself had earned $25 per week as a bond salesman, and no testimony was offered that he was capable of earning more except the opinion of the wife. This had no evidential value. At the time of the hearing he had no property, although he was living at a private hotel and operating one or more motor cars. His expenses were paid by his relatives. His income in excess of $25 per week was dependent entirely on what his father and grandfather "had a mind to give him." Respondent lived with his

father and paid nothing for his board or room. He was in the habit of not working one or two days a month. The court said that "it would seem probable that if the respondent exerted himself and worked in accordance with his ability, his income would be larger." It found the matter "perplexing" and ordered $50 per week paid, saying "whatever amount is ordered would evidently if paid come from his father or grandfather as respondent has no property of his own." Following this decision, the decree awarding $50 per week as alimony and for the support of the child was entered and from this decree respondent appealed, alleging that it was against the law and the evidence. He also filed a bill of exceptions.

It has been settled that an appeal and not a bill of exceptions is the proper procedure by which to ask this court to review a decree awarding alimony. *Harvey* v. *Harvey,* 45 R. I. 383; *Ward* v. *Ward,* 48 R. I. 60. Hence respondent's bill of exceptions is overruled.

The question raised by respondent's appeal is as to the sufficiency of the evidence to support the decree. Little can be found in the evidence to warrant an inference that respondent honestly desires to support his wife and child. His indifference thereto is marked. Even so, however, certain basic principles must be observed in fixing compulsory alimony. Justice Blodgett recognized that the order of $50 per week would require for its satisfaction more money than respondent was earning and that if paid it would have to be from moneys advanced to him by relatives. No evidence showed that respondent could continue to borrow from them or that they would continue to give money to him and the conclusion is inevitable that the order was made on the assumption that respondent's relatives for the sake of the wife or child or to keep respondent out of jail would continue to make gifts to enable respondent to pay the alimony awarded. However laudable the court's intention to provide for the wife and child, conjecture that a respondent's relatives will help him or the Court's belief that they should is not evidence upon which to fix alimony.

Alimony and allowance should be ordered upon evidence that a husband himself has means of compliance or a capacity to acquire them if he makes reasonable efforts. The needs and circumstances of the wife and child however dire do not furnish a suitable test of the amount the husband should pay, though the court may sympathize with the wife or doubt the husband's honest desire to support his family. The court must be satisfied that the husband can comply with the decree.

As an aid to ascertainment of the husband's earning capacity not only what he is actually earning but his previous earnings may be of evidential value. Sometimes after a divorce there may not be sufficient earnings or property to meet the needs of all and hardship may result. In the case now before us if the husband does not suffer hardship, it is because he is an object of charity. The testimony indicates lack of capacity to support his family even modestly.

The extravagant way in which these parties lived during their marriage evidently was in part the basis of petitioner's testimony as to her needs after the divorce. Doubtless tastes and habits were acquired which seemed to petitioner to demand the $125 per week which she requested or even the $50 which she received but such tastes could not furnish a suitable basis for the court to order respondent to pay money which he was not earning and which there was no evidence that he could obtain. Respondent's relatives owed him no legal obligation to supply him with money. Indeed, if respondent's habits are as extravagant as petitioner contends there would seem to be excellent reason why his relatives should refuse to further furnish him with means thus to live.

Alimony and allowances for support where the husband is without property may not be based on the husband's hope of gratuities or the court's surmise that he will receive them. It may be unfortunate for petitioner that she has been married to an improvident husband but she is entitled to

demand from him as a matter of right only such support as he is reasonably able to furnish from his property or earnings. In asking alimony she is demanding rights. She is not asking for favors and her rights must be considered in connection with her husband's capacity. He is subject to imprisonment for contempt if he fails to obey a decree of court awarding alimony. *Re Asadoorian,* 48 R. I. 50. This respondent already on the record before us, appears to have escaped going to jail by borrowing $693 with which to pay accrued alimony for which execution had been ordered. No argument is needed to show that if the decree required a payment which was beyond the capacity of respondent he ought not to be subject to an adjudication that he is in contempt in failing to do that which he is unable to do.

Justice Blodgett said, "The allowance of alimony in this type of case is perplexing." It is so because the young couple have been suffered, even if not encouraged, to pursue a course of living far beyond the husband's capacity to provide. In this the wife has participated and for it she must to an extent suffer, unless the husband's relatives voluntarily come to her aid. They can not be made to do so. What the husband by reasonable efforts can earn toward the support of his family is not convincingly evidenced by his bragging talk to his wife of earning capacity such as she testified to in this case. Nor is the sweeping assurance of petitioner's counsel that anyone with an able body may go out and earn more than $25 per week entitled to consideration as evidence. The undisputed facts were that $25 per week was all that the husband had been able to earn for some months prior to the divorce when working for a bond house. This was apparently all that he could command in the open market. No evidence contrary thereto appears. Whether or not the husband has been encouraged in his extravagant ways by his relatives, the court was not warranted in imposing upon him an obligation to continue in them in the hope that someone would supply the means by which to liquidate his obligations.

The decree appealed from was not supported by the evidence and is reversed.

After entry of the above decree in the Superior Court execution against the body of respondent was ordered for non-payment of the alimony decreed. The amount then due was $693 and this was paid on August 8, 1929. Immediately a motion by respondent was filed for a stay of execution to prevent respondent's future incarceration for contempt if he failed to pay said $50 per week, such stay to operate until the Supreme Court had ruled on the correctness of the decree awarding $50 per week alimony. Several justices in the Superior Court refused out of courtesy to the Presiding Justice who had gone on a vacation to stay execution, saying that the matter had been decided on the merits, that an appeal was pending and that without a change of circumstances to stay execution was in effect the overruling of an associate. Finally Justice Carpenter entered a decree staying execution until the determination of the appeal, said stay being conditioned on respondent's paying toward support of his wife and child, as he offered to do, $15 per week. Justice Carpenter properly distinguished between a request for modification of Justice Blodgett's decree and the enforcement of a penalty for noncompliance therewith. A justice of the Superior Court plainly had power to stay execution. G. L. 1923, Ch. 353, sec. 3; Ch. 291, sec. 14. *Harvey* v. *Harvey, supra.*

From the decree of Mr. Justice Carpenter petitioner both appealed and filed exceptions. Exception does not lie to such a decree and in this instance no appeal lies because the decree was not a final one. G. L. 1923, Ch. 339, sec. 25 (4958). It was interlocutory and designed only to protect respondent's rights pending a review by this court of the correctness of Justice Blodgett's decree. The decree for a stay was not an interlocutory decree of injunction, G. L. 1923, Ch. 339, sec. 34 (4967), from which an appeal lies, although petitioner's intention of securing a body execution in the event of noncompliance may have been interfered

with. The stay was merely an exercise of control of the court's own processes to prevent what Justice Carpenter conceived might be the basis of injustice to respondent if Justice Blodgett had erred and in the light of our above expressed views, it can not be successfully asserted that this discretion was improvidently exercised. Indeed, it is not improbable that if the question had arisen other than in vacation time and in the absence of Justice Blodgett, he himself if asked would have decreed such a stay on so "perplexing" a question.

Petitioner's exceptions are overruled and her appeal is denied and dismissed. The respondent's appeal is sustained, the decree appealed from is reversed and the case is remanded to the Superior Court with directions to hear *de novo* the prayer for alimony. *Smith* v. *Smith*, 146 Atl. 626.

A decree may be presented to this court on November 6, 1929, at 10 a. m., for entry in the Superior Court in accordance with this opinion and providing for a stay of execution for nonpayment of any decrees, either for permanent or temporary alimony or allowance hitherto made, said stay to be conditioned on the payment to petitioner weekly of $15 which respondent admits his capacity and willingness to pay. In fixing this condition, this court is not to be understood as in any way indicating that $15 per week is a suitable and proper amount for respondent to pay as alimony out of what he reasonably may be expected to earn. The Superior Court may find that respondent can and should pay more.

*Walter I. Sundlun, Baker & Spicer*, for petitioner.
*Alfred G. Chaffee, Arthur H. Feiner*, for respondent.