**McWHIRTER v. OTIS ELEVATOR CO.**

**C. A. No. 201.**

District Court, W. D. South Carolina.

Aug. 12, 1941.

12

Barron, Barron & Walker, of Union, S. C., and Osborne, Butler & Moore, of Spartanburg, S.C., for plaintiff.

Johnson & Johnson, of Spartanburg, S. C., for defendant.

WYCHE, District Judge.

This is an action by the plaintiff against the defendant for the recovery of damages for personal injuries alleged to have been sustained from a fall down an elevator shaft in the building of the Marion Sims Memorial Hospital at Lancaster, South Carolina, which plaintiff claims was caused by various acts of negligence on the part of the defendant. The answer of the defendant sets up several defenses, included in which are those designated as the fifth and sixth defenses, which are based upon a written agreement alleged to have been executed by plaintiff, in which it is alleged in substance: (1) That, under the agreement, plaintiff has received substantial compensation for his injuries, has released his employer, Marion Sims Memorial Hospital, its agents, representatives and servants, and Liberty Mutual Insurance Company, the employer's liability insurer, from all liability on account of the accident forming the basis of plaintiff's suit, and that the legal effect of the agreement is to operate as a release of defendant under the principle that a release of one joint tort feasor is a release of all, and that an injured person can receive but one satisfaction for his injury; and (2) that by the provisions of the agreement Marion Sims Memorial Hospital and Liberty Mutual Insurance Company acquired whatever rights plaintiff might have had against defendant to the extent of Two Thousand, Six Hundred, Sixty-Five ($2,665) Dollars, received by plaintiff under the agreement and that, consequently, plaintiff is not the sole or real party in interest and has no right to prosecute this action in his sole name.

The matter is before me on plaintiff's motion to strike these defenses on the ground that they are irrelevant, redundant and immaterial, in which it is contended that the agreement is but a covenant not to sue, and its execution does not operate as a bar either in whole or in part to plaintiff's suit against the defendant.

■ It is true that a general release of one joint tort feasor has the effect of discharging all other joint tort feasors, and a plaintiff may only have one satisfaction, although he has the option of suing joint tort feasors either jointly or severally. Pendleton v. Columbia Ry., etc., 133 S.C. 326, 131 S.E. 265; National Bank v. Southern Ry., etc., 107 S.C. 28, 91 S.E. 972.

The instrument in question, however, after discharging Marion Sims Memorial Hospital and the insurance carrier from all liability, recites that the plaintiff desires that his rights as against the Otis Elevator Company, and its agents and servants, should be preserved, and that he did "contract, covenant and agree that he will not, nor will anyone on his behalf or claiming under him, bring, institute or maintain any action, suit or proceeding of any kind or nature" against the hospital and the Liberty Mutual Insurance Company, or either, but that in so doing he is "reserving his rights fully to bring, maintain and prosecute to a conclusion, or otherwise dispose of as to him may seem proper, any action against Otis Elevator Company and its agents and servants as fully as if this agreement had not been executed."

■ The plaintiff has asserted in the instrument relied upon by the defendant his full reservation of rights to sue the defendant, notwithstanding his agreement that he would not sue the hospital and its insurance carrier. His right to make such reservation upon the basis of such an instrument appears clearly established by the authorities. 50 A.L.R. commencing at page 1057, 66 A.L.R. 214, 104 A.L.R. 840. The foregoing annotations recognize the rule that a general release so intended discharges all tort feasors, but they also recognize the principle that if the instrument executed is in fact not intended as a general release, or in consideration of full compensation for the damages claimed, it does not prevent an action against other joint tort feasors not protected by the covenant not to sue.

■■ A settlement with and a release of one tort feasor in which the right is expressly reserved against the other tort feasors is not technically a release, but a covenant not to sue. The fact that the covenant not to sue contains expressions showing that the amount received was not in full satisfaction of all the injured party's claims negatives any implication of full compensation, and the plaintiff is entitled to proceed against other tort feasors.

■ I have no difficulty, therefore, in concluding that the instrument in question shows upon its face that it does not, and was not intended to, have the effect of releasing the defendant, or to constitute full compensation for the injuries plaintiff alleges he sustained. However, the rule is well settled that independent of the precise character of an instrument given by a claimant, that is, regardless of whether it be construed to be a partial release, or a covenant not to sue, joint tort feasors when sued for damages by reason of some alleged injury or wrong, have generally been held entitled to show, for the purpose of mitigating or reducing damages, that the same injury or wrong has been partially compensated by a payment made by another joint tort feasor, by presenting evidence of such a payment, and such evidence has been held proper to be considered in fixing the amount of the damages. Accordingly, the amount paid by one tort feasor to an injured person in consideration of a covenant not to sue, or a release not effective as a full release of the other tort feasors, is to be regarded as a satisfaction pro tanto as to another or other tort feasors liable for the same injury or wrong so as to reduce the amount of damages recoverable from such other tort feasor or tort feasors. The reason for this rule is that a party can have but one satisfaction for his damages and it is supported by the greater weight of authority. Brandstein v. Ironbound Transp. Co., 112 N.J.L. 585, 172 A. 580, 104 A.L.R. 931; Holland v. Public Utilities Company, 208 N.C. 289, 180 S.E. 592.

■ So far as the disposition of the motion to strike the fifth defense is concerned, however, it makes no difference whether the agreement alleged in the portion of the answer challenged is construed as a covenant not to sue, or an outright release. In either case it is proper for the

defendant to allege and prove the agreement and the amount received thereunder as a defense to the action either in whole or in part. The allegations of the fifth defense should not, therefore, be stricken, but under the views herein expressed it will only avail the defendant the right to claim that any recovery against it should be reduced by the jury by the amount received by the plaintiff under the agreement.

The sixth defense of defendant's answer sets up the fact the plaintiff is not the real or sole party in interest and cannot prosecute this action alone.

It appears from the provisions of the agreement that plaintiff has expressly agreed that Marion Sims Memorial Hospital and Liberty Mutual Insurance Company should have whatever rights plaintiff might have had against the defendant to the extent of the amount received under the agreement.

Rule 17(a), Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides: "Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States."

The rule is mandatory and should be liberally construed to effectuate its purpose. A defendant has the right to require that the action against him, if not in the name of a plaintiff within one of the express exceptions, shall be brought in the name of the real party in interest so that he can avail himself of the defenses which he has against the real party in interest, and so that his payment to plaintiff, on plaintiff's recovery as against him, will fully protect him in the event of another action upon the same cause.

In Moore's Federal Practice under the New Federal Rules it is said at pages 2041, 2046, 2049, 2053, 2054, 2055, that:

"The true meaning of real party in interest is as follows: An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced. * * * The primary purpose of the real party in interest provision was to change the common-law rule that an action upon an assigned chose in action had to be prosecuted in the name of the assignor. The effect of the real party in interest provision, in respect to assignments, is that if by the substantive law an interest could be and was transferred by an assignment, a suit on the assigned chose in action must be brought in' the name of the transferee. * * * The federal courts, in construing the real party in interest provisions of various state codes, and all of the state courts, in construing their own provisions, have been in full accord in holding that the unconditional assignee of a complete chose in action is the real party in interest and suit must be brought in his name. * * *

"No difficulty should be encountered in finding that the assignee of a portion of a chose in action is a real party in interest. * * * At common law the partial assignee had no standing in a court, whether he sued in his own name, in the name of the assignor, or joined with the assignor in a suit upon the chose partially assigned. * * * In equity, however, where all of the interested parties could be brought into the suit the objection of added embarrassments and responsibilities to the debtor was not available, and the partial assignee was allowed to sue in his own name, joining the assignor and all other interested parties. Hence under the codes, since the partial assignee had the substantive right under the former equity practice, he is a real party in interest. The partial assignor, however, is also a real party in interest because part of his substantive right was retained. But for the protection of the debtor the partial assignee should be joined with the assignor, just as was required in equity, and the courts, under the codes, have followed the equity practice. But since the requirement of joinder is solely for the protection of the debtor, it should be imposed only upon his insistence, and failure of the debtor to make a seasonable objection to the nonjoinder of the assignor should result in a waiver of it. This result has been reached by the courts upon a realization that since the partial assignee is a real party in interest the nonjoinder of the assignor is only a defect of want of parties that may be waived by a failure to object. The Restatement of Contracts apparently supports this view."

But the rule is concerned only with the proper person or persons to sue under a valid assignment and leaves the question of assignability to the substantive law. A right of action for personal injuries is assignable where it would, on the death of the assignor, survive to his legal representative. Section 419, Code of Laws of South Carolina 1932, provides: "Causes of action for and in respect to * * * any and all injuries to the person * * *, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons". This section authorizes the assignment of a right of action for tort. Bultman v. Atlantic Coast Line R. Co., 103 S.C. 512, 88 S.E. 279.

Neither Marion Sims Memorial Hospital nor Liberty Mutual Insurance Company is at present a party to the pending action. Without their presence, the Court cannot bind them or pass judgment upon their rights under the agreement or otherwise in this action.

Tested by the foregoing principles, the hospital and the insurance company are real parties in interest, and the suit must be prosecuted in their names along with that of the plaintiff.

But the plaintiff contends that this conclusion might have the practical effect of preventing the plaintiff from prosecuting this action for the recovery of what he claims to be his real damages, and to enable the defendant to escape entirely. This contention is answered by Rule 19(a), Rules of Civil Procedure for the District Courts of the United States, which is as follows: "Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff." Under Rule 21, Rules of Civil Procedure for the District Courts of the United States, the hospital and insurance company may be added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

For the foregoing reasons the motion to strike will be overruled. Counsel may present a proper order accordingly.