PETRIKIN
v.
CHICAGO, R. I. & P. R. CO.
No. 482.

United States District Court
W. D. Missouri, Central Division.

March 6, 1954.

See, also, 14 F.R.D. 31.

Charles H. Howard, Jefferson City, Mo., for plaintiff.

Lester G. Seacat, Jefferson City, Mo., Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendant.

RIDGE, District Judge.

Under a liability policy of insurance issued by the American Farmers Mutual Insurance Company, there was paid to plaintiff herein the sum of $3,375 of a total claim of $3,900, alleged to have accrued as damages to a motor truck, owned by the plaintiff, as a result of negligence on the part of defendant. Upon payment of said sum, the insurance company became subrogated to the claim of plaintiff against the defendant "to the extent of the payment above made." As a consequence of that subrogation, defendant now seeks to have the above insurance company made a party plaintiff herein, under Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

On October 27, 1953, after this action was instituted but prior to the filing of the instant motion, said insurance company reassigned all its interest in the above subrogated claim back to plaintiff, by written assignment in the following form:

"Whereas, the American Farmers Mutual Insurance Company, of Decatur, Illinois, on February 28, 1953, had in full force and effect its policy

No. R253144, covering a 1952 International, two-ton dump truck, Model L184, Motor No. BD26964489, pursuant to the terms of which it insured John Petrikin against loss by collision to the extent of any such loss less One Hundred and No/100 ($100.00) Dollars, and,

"Whereas, on February 28, 1953, said International truck of said John Petrikin suffered collision damage in the sum of Three Thousand Four Hundred and Seventy-five ($3,475.00) Dollars, and,

"Whereas, pursuant to the terms of said policy, said insurer paid said John Petrikin the sum of Three Thousand Three Hundred and Seventy-five ($3,375.00) Dollars, and said John Petrikin, in consideration of said payment, assigned to said insurer all of his rights, claims and causes of action against the person or persons responsible for said damage to the extent of the above payment, and,

"Whereas, it is the desire of said insurer to assign said rights, claims and causes of action to said John Petrikin for the purpose of collection, suit and action against the person or persons responsible for said damage,

"Now, Therefore, The American Farmers Mutual Insurance Company does hereby assign, transfer and set over to the said John Petrikin all of the rights, claims and causes of action which the said John Petrikin might have as a result of the accident which occurred on February 28, 1953, when his said International truck was damaged, and which rights, claims and causes of action were assigned to said American Farmers Mutual Insurance Company by said John Petrikin by agreement dated April 11, 1953, with the express agreement and understanding and the consideration hereof being that the said John Petrikin will be liable for and shall pay the American Mutual Insurance Company all sums recovered by said John Petrikin from such person or persons responsible for said damage to the extent of the amount paid by the American Farmers Mutual Insurance Company under said policy of insurance to said John Petrikin."

Conceding that the insurance company would have been a real party in interest herein under Rule 17(a) and United States v. Aetna Casualty & Surety Co., supra, but for the reassignment of its interest to plaintiff as above, plaintiff now opposes making said insurance company a party to this action, asserting a right to maintain the same primarily in part to the extent he has not been reimbursed for all his damages, and to the remainder as assignee of any interest that the insurance company may have had in the claim here made against defendant.

■ The validity of the assignment the insurance company made to plaintiff as above is attacked by defendant on the ground that it is an attempt to deprive this Court of jurisdiction over said company. From the terms of said assignment, it would appear to be immune to any such attack, as will hereafter appear. Presupposing its validity in all other respects which must be determined by the substantive law of the State of Missouri, cf. American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7; McWhirter v. Otis Elevator Co., D.C., 40 F.Supp. 11, it appears that said assignment reinvests in plaintiff all "rights, claims and causes of action" (which were prior thereto vested in the insurance company by way of subrogation) "for the purpose of collection, suit and action" thereon; and, if any recovery is had as a consequence of said claim, plaintiff is made primarily "liable" and "responsible" to his assignor "to the extent of the amount paid by the American Farmers Mutual Insurance Company under said policy of in-

surance" as above mentioned. The legal effect of said document is to reinstate and restore in the plaintiff the entire legal title to the original claim plaintiff alleges he had against the defendant as a consequence of the occurrence referred to in the complaint, for the purpose of "collection, suit and action," and to dispossess or disseize any legal right in the insurance company to prosecute said claim by way of the right of subrogation, above mentioned. Under such circumstances, after the execution of said written assignment, plaintiff became the only real party in interest in the instant action, and the American Farmers Mutual Insurance Company is established as not now being such a party in interest to the claim here asserted against defendant. Kilbourn v. Western Surety Company, 10 Cir., 187 F.2d 567; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37.

■ Under Rule 17(a), Federal Rules of Civil Procedure, every action is to be prosecuted in the name of the real party in interest. By the law of the State of Missouri, an assignment of a chose in action for the purpose of suit only, and obligating the assignee to account for the proceeds to the assignor or another, enables the assignee to sue in his own name. Schepman v. Mutual Benefit Health & Accident Insurance Co., 231 Mo.App. 651, 104 S.W.2d 777; General Exchange Insurance Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396. By Rule 25 (c), Federal Rules of Civil Procedure, an assignee of a cause of action, who takes his assignment while the action is pending, may be substituted or joined in the action. The fact that plaintiff did not, at the commencement of the action, have the right to maintain the same in his name only, after the execution of the above assignment he became so vested; and now being the only real party in interest to the instant claim made against defendant, defendant's motion is not well grounded. Cf. Kilbourn v. Western Surety Company, supra.

■ The assignment here considered does not fall within the ambit of Section 1359, Title 28, U.S.C.A., or the authorities cited by defendant; i. e., that it was made only for the purpose "to invoke the jurisdiction of" this United States District Court as to the plaintiff. This is a removed action.

Defendant's motion to make American Farmers Mutual Insurance Company a party plaintiff herein is by the Court overruled.