Jamelle RACKLEY, a minor, by her mother and next friend, Gloria Rackley, and Gloria Rackley, Plaintiffs,

v.

BOARD OF TRUSTEES OF the ORANGE-BURG REGIONAL HOSPITAL, a body public, and H. F. Mabry, Director of the Orangeburg Regional Hospital, Defendants.

Civ. A. No. AC-887.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 19, 1964.

and admission to use of the facilities of the Orangeburg Regional Hospital on the basis of race, as contrary to the due process and equal protection clauses of the Fourteenth Amendment and the due process clause of the Fifth Amendment to the United States Constitution.

This Court has for consideration several motions which will be passed upon herein.

In their Answer, defendants allege that the real party in interest in this case is the National Association for the Advancement of Colored People and it, the National Association for the Advancement of Colored People, has "instigated this suit, is financing it and attempting to use claimed constitutional rights of the plaintiffs to carry out its own purpose to integrate the people of the two races." Plaintiffs have moved to strike this paragraph from the Answer as irrelevant, immaterial and impertinent. By requests for admission and during oral examination of plaintiff, Gloria Rackley, and her counsel, defendants seek to elicit information and admission relating to this allegation. Plaintiffs and their counsel have declined to answer the questions, both on oral examination and by objections to the requests for admission.

Jenkins & Perry, Columbia, S. C., Jack Greenberg, James M. Nabritt, III, and Michael Meltsner, New York City, for plaintiffs.

D. W. Robinson, Columbia, S. C., Charlton B. Horger, Orangeburg, S. C., for defendants.

SIMONS, District Judge.

This action was instituted March 24, 1962 against the Board of Trustees of the Orangeburg Regional Hospital and its Director. Plaintiffs are a Negro minor child and her mother, both of whom are citizens and residents of the City and County of Orangeburg, South Carolina. Plaintiffs seek to enjoin the defendants from continuing to enforce the policy, practice and custom of discriminating against Negroes in the use

Under Rule 17(a) of the Federal Rules of Civil Procedure every action must be prosecuted in the name of the real party in interest. The purpose of this rule is to enable the defendant to present his defenses against the proper persons, to avoid subsequent suits, and to proceed to finality of judgment. The question is one of procedure and not substantive law. The real test is whether the named plaintiffs have a right under the substantive law to maintain the action. Moore's Federal Practice, p. 1301 et seq.; McWhirter v. Otis Elevator Co., 40 F.Supp. 11 [D.C.W.D.S.C.1941]. Tested by the foregoing principles and considerations, I find that the named plaintiffs are the real party in interest in this action within the meaning of Rule 17(a).

■ Accordingly, it is ORDERED that all of paragraph 12 of defendants' Answer herein be stricken.

■ The inquiries concerning who is paying the fees of plaintiff's counsel and whether they are members of the National Association for the Advancement of Colored People are irrelevant, and it is ORDERED that neither plaintiffs, nor their counsel, will be required to answer the inquiries concerning payment of counsel fees and membership in the National Association for the Advancement of Colored People.

■ Also, for consideration at this time is an objection to certain requests for admissions which plaintiffs served upon the defendants herein designed to develop proof that the defendants maintain racially separate wards and room facilities for patients. The defendants object to this line of inquiry upon the ground that the plaintiffs' only alleged exclusion was from the white waiting room of the Orangeburg Regional Hospital. Defendants take the position that since plaintiffs made no efforts to enter room and ward facilities that they have no legal basis upon which to attack racial segregation in these facilities.

This contention cannot be upheld. On a prior appeal in the instant case to the United States Court of Appeals for the Fourth Circuit, the Court, in reversing the District Court's Decree insofar as it struck from plaintiff's Complaint the allegations of paragraphs 6 and 7, said:

"In respect to paragraph 6—the contribution of Federal funds to the hospital—from the record before the District Court it did not conclusively appear that this circumstance was not germane to the claimants' case. Accordingly that allegation should be heard. In regard to the stricken part of paragraph 7—'separate wards and room facilities for patients'—it is enough to note that these are items of general hospital operation; the complainants should not be required to prosecute a sepa-

rate suit for each activity or department of the hospital." 310 F.2d 141 at page 143 [1962].

The plaintiffs, therefore, should be permitted to elicit information from the defendants as to whether the defendants are maintaining racially separate wards and room facilities in the operation of the hospital.

It is therefore ordered that defendants submit answers to plaintiffs' requests for admissions.