Nielsine HANSEN, Plaintiff,

v.

Lena S. ULMER, as Administratrix of the Estate of Catherine E. Peeples, Deceased, and Queen City Coach Company, Defendants.

Hans HANSEN, Plaintiff,

v.

Lena S. ULMER, as Administratrix of the Estate of Catherine E. Peeples, Deceased, and Queen City Coach Company, Defendants.

Civ. A. Nos. AC–1777, 66–201.

United States District Court
D. South Carolina,
Aiken Division.

Nov. 11, 1966.

John H. Williams, Williams & Johnson, Aiken, S. C., for plaintiff.

Dorcey Lybrand, Lybrand, Rich & Cain, Aiken, S. C., for Queen City Coach Co.

Julian B. Salley, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., for Lena S. Ulmer.

## ORDER

SIMONS, District Judge.

This is a diversity action arising from a collision between a bus owned by defendant, Queen City Coach Company, and an automobile owned and operated by one Catherine E. Peeples, the intestate of the defendant, Lena S. Ulmer. Plaintiff, Nielsine Hansen, was a passenger on the bus at the time of the collision. Her action against the defendants above named is to recover damages as a result of the injuries and damages sustained in the collision. Her husband, Hans Hansen, also filed an action for medical expenses and loss of services of his wife, the husband not being a passenger in the bus.

The two cases were combined for trial, and were tried before me in Aiken, South Carolina, on October 25, 1966, without a jury. Testimony of both plaintiffs and South Carolina Highway Patrolman Ronald Mixon was offered on behalf of plaintiffs. Also introduced in evidence were numerous photographs. Plaintiffs also introduced in evidence the deposition of Dr. Illius Konstantinu, an orthopedic surgeon of Sarasota, Florida, and

some x-rays identified as exhibits therein. No testimony was offered by defendant, Lena S. Ulmer, although she was represented by counsel who participated in the trial of the case.

Pursuant to a covenant not to sue, the defendant Queen City Coach Company was dismissed from these cases, the covenant not to sue being in consideration of the sum of $1,000.00 paid by defendant Coach Company to plaintiff, Nielsine Hansen, and the sum of $500.00 paid by said defendant to plaintiff, Hans Hansen.

From the testimony and evidence, I make the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. At approximately 4:45 p. m., on September 14, 1964, a Queen City Coach Company bus in which plaintiff Nielsine Hansen was a paying passenger was headed generally West on S. C. Highway #28 in Aiken County, South Carolina. It was meeting a Mercury automobile owned by the intestate, Catherine E. Peeples, and was being driven by her in an easterly direction upon said highway. At a point approximately eight miles West of Johnson's Crossroads, the bus had just come down a long hill and had started up another hill. The highway at that point was approximately twenty-one feet in width of tar and gravel construction with a white intermittent center line. It was daylight, the weather was clear and the road was through open country. The speed limit there was fifty-five miles per hour. There was a head-on collision between the two vehicles. The driver of the Mercury automobile, Catherine E. Peeples, died instantly, and the bus driver died a few days later as a result of the injuries received in the collision. Plaintiff, Nielsine Hansen, was riding near the front of the bus on the opposite side from the driver.

2. The bus was proceeding at a normal rate of speed in its proper driving lane and was being operated in a careful and proper manner. From marks in the road, grease and other debris, the point of impact between the bus and the automobile was shown to be over four feet from the center line of the highway in the bus's righthand lane.

3. The vehicles hit practically head-on. The automobile was driven up under the front of the bus and was totally demolished. The front of the bus was extensively damaged.

4. For some unknown reason, Catherine E. Peeples, driving her Mercury automobile crossed over the center line of the highway into the path of the oncoming bus. Although the bus pushed the automobile backward after the impact, from the violence of the impact and position of the vehicles, it can only be concluded that the automobile was traveling at a very high and excessive rate of speed at the time of the collision.

5. In the operation of her automobile Catherine E. Peeples was negligent, reckless and wilful on said occasion, and such conduct on her part was the sole proximate cause of the collision and the injuries and damages resulting therefrom to plaintiffs.

6. Plaintiff, Nielsine Hansen, was injured in her low back, both knees, and in her chest. It was later determined that she suffered a compression fracture of three vertebra. She was taken from the scene of the collision by ambulance to the Aiken County Hospital. The ambulance bill was $10.00. She remained in the Aiken County Hospital from September 14, 1964 until discharged September 30, 1964. Her hospital bill there was $340.60. Dr. T. J. Lattimore treated this plaintiff while in the hospital and his bill was $150.00. When she was able to travel she flew to her home in Sarasota, Florida, was met by her husband and was taken by ambulance to her local hospital. This ambulance bill was $10.00.

7. The day after arriving in Sarasota, Mrs. Hansen was placed under the care of Dr. Illius Konstantinu, an orthopedic surgeon of that city. Dr. Konstantinu placed her in the Sarasota Memorial Hospital on October 1, 1964 and she was

discharged on November 6, 1964. Her hospital bill there was $716.35. Dr. Konstantinu's bill was $907.00.

8. Particularly, Mrs. Hansen suffered a compression fracture of three vertebra, a severe sprain to her left ankle, injury to her knees and her chest. Her treatment consisted of bed rest, physiotherapy, the wearing of a brace, and then the wearing of a corset. She had pain, and although she was discharged by her doctor some time during April of 1965, she will continue to have pain for the rest of her life, and she will be partially disabled from performing her normal household duties. During the interval between the injury and the time that Dr. Konstantinu discharged her, Mrs. Hansen was unable to do her housework or any of her normal duties. These chores were performed by her husband.

9. Mrs. Hansen was also treated by Dr. Charles L. Brame of Sarasota who removed fluid from her knee, which resulted from her injury, and his bill was $45.00. While in Aiken, Dr. Guy C. Heyl, Jr., an orthopedic surgeon, conferred in the case and examined Mrs. Hansen at the request of Dr. Lattimore. His bill was $50.00, and the back brace cost $75.00.

10. Several months prior to the injury, Mrs. Hansen worked at a launderette and was earning $40.00 per week. Her husband substituted for her when she was on this trip visiting relatives in Connecticut. She did not return to work, and her husband had to give up the job in order to devote his time to taking care of her.

### CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this action.

2. Defendant's intestate, Catherine E. Peeples, was guilty of negligence, recklessness and wilfulness upon the occasion in question, and such conduct on her part was the sole proximate cause of the collision, and the resulting injuries and damages to plaintiffs.

3. Plaintiff, Nielsine Hansen, suffered serious injuries causing her to be confined to two hospitals, requiring a long period of treatment by doctors and specialists, making it necessary for her to wear a back brace and corset, causing her to suffer severe pain, and disabling her from performing her normal household activities. She will continue to suffer pain and will continue to have some limitations in her normal activities. She appeared to be a well preserved woman in her late sixties. Upon consideration of the testimony and the evidence as it relates to the injuries and damages to Mrs. Hansen, I find and conclude that she has suffered damages and is entitled to recover actual damages in the sum of $11,000.00. I further conclude that Mr. Hansen has incurred medical, doctors, and hospital expenses as a result of his wife's injuries exceeding $2300.00 and has been deprived of her services and consortium for several months, all to his damage in the amount of $4,000.00.

In consideration of the foregoing, it is ORDERED that plaintiff Nielsine Hansen be, and she hereby is, granted judgment against defendant, Lena S. Ulmer, as Administratrix of the Estate of Catherine E. Peeples, deceased, in the sum of $11,000.00 actual damages, and the costs of this action. It is further

Ordered that plaintiff Hans Hansen be, and he hereby is, awarded judgment against Lena S. Ulmer, as Administratrix of the Estate of Catherine E. Peeples, deceased, in the sum of $4,000.00 actual damages, and the costs of this action.

As part of this Order defendant is allowed to deduct the amount paid under the covenant not to sue in each respective case from the amount of the judgment,[1] leaving a net judgment in favor of Mrs. Hansen of $10,000.00, and a net judgment in favor of Mr. Hansen of $3500.00.

---

1. McWhirter v. Otis Elevator Co., 40 F.Supp. 11 (W.D.S.C.1941).