**STATE of Rhode Island DEPARTMENT OF CORRECTIONS**

v.

**RHODE ISLAND STATE LABOR RELATIONS BOARD et al.**

No. 93–241–Appeal.

Supreme Court of Rhode Island.

May 22, 1995.

Ellen Evans Alexander, Dept. of Corrections, Stephen Robinson, Providence, for plaintiff.

Thomas S. Hogan, East Providence Gerard Cobleigh, Warwick, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument April 5, 1995, pursuant to an order

that had directed all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be summarily decided.

The defendants, Rhode Island State Labor Relations Board (board) and Rhode Island Brotherhood of Correctional Officers (union) appeal the granting by a justice of the Superior Court of a stay of the decision of the board requiring the inclusion of the position of security specialist within the bargaining unit of the department represented by the union. The record discloses that the board issued the decision and order on November 26, 1993 without having held a hearing as required by G.L.1956 (1986 Reenactment) § 28-7-9(b)(6), as amended by P.L.1989, ch. 283, § 1.

■ We are of the opinion that the trial justice did not err in granting the stay. Generally the granting of a stay by a court is regarded as an interlocutory determination and not a final judgment. The defendants here have attempted to equate the stay with a granting of a preliminary injunction. In this context we must disagree.

The defendants also cite *Narragansett Electric Co. v. Harsch*, 117 R.I. 940, 942, 367 A.2d 195, 197 (1976), wherein this court held that a stay of an order of the Public Utilities Commission (PUC) should not issue "unless the party seeking the stay makes a 'strong showing' that (1) it will prevail on the merits of its appeal; (2) it will suffer irreparable harm if the stay is not granted; (3) no substantial harm will come to other interested parties; and (4) a stay will not harm the public interest." This opinion was delivered in the context of considering the issuance of a stay or suspension of an order of the PUC that in turn had suspended the effective date of a proposed rate increase sought by the Narragansett Electric Company. *See id.* It should be noted that two justices of the court dissented from this opinion.

■ In any event, we do not construe the *Harsch* case as being applicable in respect to

the stay of every agency order that may be subject to review pursuant to G.L.1956 (1993 Reenactment) § 42-35-15(c). That section provides in respect to judicial review of contested cases that the agency may grant, "or the reviewing court may order, a stay upon the appropriate terms." We are of the opinion that this section grants to the reviewing court the power to grant a stay of an agency order under circumstances which in the trial justice's sound discretion should require that matters be held in status quo pending review of the agency decision on its merits.

While the *Harsch* criteria may be persuasive in a given context, we do not consider that they are rigid requirements that the reviewing court must meet in each instance. In the case at bar, if applicable, the requirements of *Harsch* would probably be met by reason of the procedural defects leading up to the issuance of the board's order.

■ However, in this case we dismiss the board's appeal on the ground that the stay is interlocutory and does not meet the requirements of a final judgment or an order which has such elements of finality as to equate a stay of that order with the issuance of a preliminary injunction. *See Boyden v. Boyden*, 50 R.I. 326, 147 A. 621 (1929). We decline to consider this appeal as the equivalent of a petition for certiorari and add that we would be very reluctant to interfere at this stage with the Superior Court's determination of this case on the merits even if a proper petition for certiorari had been filed.

For the reasons stated, the appeal of the board and the union is denied and dismissed as interlocutory. The papers in the case may be remanded to the Superior Court for further proceedings.