DECISION
Defendant Edward D. DiPrete (defendant) has moved for a stay of the trial in the above-entitled case, which is opposed by the state. Defendant Dennis L. DiPrete neither joins in nor objects to the motion, suggesting, however, that compelling arguments are made for granting the stay.
In order to evaluate the merits of the defendant's motion, it is necessary to review the factual events which prompted its filing. Both defendants were named in a twenty-four count indictment, which included alleged violations of the state Racketeer Influenced Corrupt Organizations (RICO) statute, as well as extortion, bribery, and perjury charges. The perjury counts were ordered severed on November 20, 1995. Both defendants sought dismissal of the bribery and extortion counts as well as dismissal of the RICO counts to the extent that they were based on alleged acts of bribery or extortion.
On January 10, 1996, this court issued an order dismissing the extortion counts and the RICO counts to the extent they were based on alleged extortionate acts. The motions to dismiss the bribery counts and the RICO counts predicated on bribery were denied. Both the State and the defendants filed appeals of these rulings with the Rhode Island Supreme Court, which are presently pending. The defendant requests that this court stay the trial, currently scheduled to begin on May 13, 1996, until the appeals are decided.
In evaluating a motion for a stay pending appeal, the granting of which is within the court's discretion, the court must determine whether
 the party seeking the stay makes a "strong showing" that (1) it will prevail on the merits of its appeal; (2) it will suffer irreparable harm if the stay is not granted; (3) no substantial harm will come to other interested parties; and (4) a stay will not harm the public interest.
Naragansett Electric Co. v. Harsch, 117 R.I. 940, 942, 367 A.2d 195, 197 (1976), cited with approval in Department of Correctionsv. Rhode Island State Labor Rel. Bd., 658 A.2d 509, 510 (R.I. 1995). The language of the test is conjunctive and therefore failure to show any one of the elements necessitates denial of the motion.
The defendant contends that these elements exist in the present case. First, the defendant argues that this court's order dismissing the extortion charges "is on solid ground," suggesting that the State has little chance of prevailing on its appeal. Second, the defendant claims that if the stay is not granted, the defendant will suffer irreparable harm because he may face a trial on the bribery and bribery-related RICO counts as well as a subsequent trial on the extortion charges. Finally, the defendant combines the third and fourth elements of the Harsch test in arguing that neither the state nor the public interest will be harmed by granting the stay.
The defendant's motion suffers from two major infirmities.
First, the claim of irreparable harm is largely speculative in nature. The harm that the defendant claims will result is contingent not on the denial of his motion to stay but rather on the ultimate decision of the Supreme Court. This claim is insufficient for it forces the court to engage in what essentially amounts to "nothing more than an exercise in sheer speculation." Harsch, 117 R.I. at 944, 367 A.2d at 198.
The second flaw in the defendant's motion concerns his analysis of the likelihood of success element of the Harsch test. After discussing the process of analysis in this court's January 10, 1996 order, the defendant concludes that the State's appeal has little chance of success.
The defendant focuses on the likelihood of success of the State's appeal only, without conducting a similar injury into the merits of his own appeal, i.e. from the court's denial of his motion to dismiss the bribery-related charges. The court agrees that the State's appeal has little chance of success. Accepting this as true, however, does not aid the defendant's cause. Denial of the State's appeal will leave the parties exactly where they are now — faced with a trial on the bribery and bribery-related RICO counts only.
Only by succeeding on his appeal will the defendant's claim of irreparable harm take more definite form. While the defendant does not address this issue, the court finds that such success is not likely to occur. The "solid ground" which supports the court's decision dismissing the extortion charges similarly supports the decision not to dismiss the bribery charges. When the defendant's appeal is denied, the parties will again find themselves in the same position — facing trial on the bribery and bribery-related RICO counts only.
The defendant has failed to meet the requirements necessary for the court to issue a stay pending appeal, therefore defendant Edward D. DiPrete's motion to stay the trial scheduled for May 13, 1996 is denied.