[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The issue currently before the court is the "Motion for Stay" pending appeal to the Rhode Island Supreme Court by third-party Defendant State of Rhode Island Department of Administration (DOA) of this Courts' order dated July 23, 2004, and the objection to that motion by Defendant Glenn F. Russell (Russell) and Plaintiff Rhode Island Public Telecommunications Authority (Telecommunications). Telecommunications also moves for a stay of the back-pay award pending its appeal.
Russell in his written objection focuses specifically on those parts of the order requiring the DOA to place Russell in a commensurate position in state service, and requiring DOA to do so no later than July 24, 2004.[1] Telecommunications objects to the stay for different reason; this Courts' decision that Telecommunications is liable for back-pay to Russell until he is reinstated to employment. For the reasons outlined below this Court grants the Motion for Stay pending appeal.
Rule 62(d) of the Rhode Island Superior Court Rules of Civil Procedure does not provide the grounds that a court should consider in deciding to grant the stay. In its memorandum, DOA relies on the standard adopted by the Rhode Island Supreme Court in Narragansett Electric Co. v. Harsch,117 R.I. 940, 942-43, 367 A.2d 195, 197 (1976) that requires the party seeking the stay to make a strong showing of the following before a stay will be granted:
(1) The party will prevail on appeal.
 (2) The party will suffer irreparable harm if the stay is not granted.
 (3) No substantial harm will come to the other interested parties if such stay is granted.
(4) A stay will not harm the public interest.
DOA further points out the court in Department of Corrections v. StateLabor Relations Board, 658 A.2d 509 (R.I. 1995) instructed that "[W]hile the Harsch criteria may be persuasive in a given context, we do not consider that they are rigid requirements that the reviewing court must meet in each instance." Id. at 510. Russell agrees the rule itself is silent as to the standards in order for it to apply. Russell, however, suggests our Supreme Court has not articulated standards that courts must follow while considering a motion for stay.
DOA, in its memorandum and at the hearing on July 12, 2004, argues that they satisfy the first prong of Harsch, "the party will prevail of appeal." DOA additionally argues because their appeal raises novel, serious and difficult issues of law, in an area that our Supreme Court has not yet spoken, (Does the veterans' service statute, R.I.G.L § 36-5-7, apply to employees of the Rhode Island Public Telecommunications Authority, R.I.G.L. § 16-61-1, et. seq.?) if no stay is issued, the State will suffer irreparable harm while little or no harm will happen to Russell or the public interest.
The thrust of DOA's argument is if they are required to place Russell to a position in the classified service, he (Russell) would, because of the additional time he was employed, automatically be granted veteran's status. And if on appeal the Supreme Court reversed this court order that Russell prior to his layoff had gained veteran's status, there would be no way to remove Russell from a position he was not entitled to have been appointed to.
Russell counters that if the stay is denied and Russell is by Court order reinstated, his employment, from the time he was laid-off until an unfavorable ruling by the Supreme Court, is dependant upon this Courts' ruling which, if reversed, Russell would have no further right. Russell also correctly points out this Court has ruled that another party to this action (Telecommunications) is liable for the wages lost by Russell since being removed in 1992. If this Court were to grant the Motion for Stay, and if DOA and Telecommunications were not successful on appeal, that financial liability would continue to accrue.
Russell, relying on Hornoff v. City of Warwick Police Department,
2004 R.I. Super. LEXIS 71,5., argues in his memorandum of law,
 "An employee's reinstatement is a form of equitable relief which the court has the power to grant and for which decision an appellate court may reverse for abuse of discretion."
However, at the hearing Russell admitted that portion of the order was stayed by the Supreme Court when the appeal was filed.
Applying the Harsch factors, this Court cannot say that DOA will or will not be successful on appeal. This Court does agree with DOA that this matter raises novel and difficult issues of law. Although the argument that DOA will suffer irreparable harm is less than persuasive, this Court is not persuaded that substantial harm will come to Russell if the stay is granted. This Court is satisfied that a stay will not harm the public interest.
This Court certainly recognizes Russell's age, his desire and eagerness to return to work. However, in considering the factors outlined inHarsch and the recent ruling of the Supreme Court in Hornoff, granting the stay requiring reinstatement, this Court will grant DOA's Motion for Stay of the order requiring it to place Russell in employment affective July 24, 2004. In so ruling, in the event this Court's order restoring Russell to state employment is affirmed on appeal, any future salary Russell would have earned starting from July 24, 2004, becomes the responsibility of DOA.
[1] At the hearing on July 12, 2004, Russell expanded the reasons for his objection to include a stay of the monetary award.